*Massimino v. Fidelity Workplace Services, LLC*

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

## SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 18th day of September, two thousand seventeen.

PRESENT:
>        DENNIS JACOBS,
>        JOSÉ A. CABRANES,
>        RICHARD C. WESLEY,
>             *Circuit Judges.*

———————————————————————————————

ERIC C. MASSIMINO,
>        *Plaintiff-Appellant,*

>        v.                                          16-4122

FIDELITY WORKPLACE SERVICES, LLC,
>        *Defendant-Appellee.*

———————————————————————————————

| | |
|---|---|
| FOR APPELLANT: | Eric C. Massimino, pro se, Lancaster, NY. |
| FOR APPELLEE: | Catherine Grantier Cooley, Hodgson Russ LLP, Buffalo, NY. |

Appeal from a judgment of the United States District Court for the Western District of New York (Telesca, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED**.

Eric. C. Massimino, pro se, appeals from a final judgment in the United States District Court for the Western District of New York (Telesca, *J.*) granting Fidelity Workplace Services, LLC's motion to dismiss Massimino's claims brought pursuant to the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1001 *et seq.*, for lack of statutory standing. Massimino argues that the law of the case barred the district court from reconsidering a prior order denying dismissal. We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

The law-of-the-case doctrine did not bar the district court from reconsidering whether Massimino had statutory standing. The court initially denied Fidelity's motion to dismiss -- without prejudice to renewal upon a proper showing -- based only on Massimino's allegations. Fidelity then submitted beneficiary and plan documentation, which demonstrated that Massimono lacked standing. Because Massimino "had ample notice and an opportunity to attempt to persuade the court that it should not alter its prior ruling," the court was well within its "discretion to decline to deem itself bound by a ruling that it had come to view as wrong." *United States v. Uccio*, 940 F.2d 753, 758-59 (2d Cir. 1991).

Accordingly, we **AFFIRM** the judgment of the district court.

FOR THE COURT:
CATHERINE O'HAGAN WOLFE, CLERK

2